UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.

LUMAR AVIATION, INC.,
a Florida corporation,

Plaintiff,

v.

EL CONSORCIO VENEZOLANO DE
INDUSTRIAS AERONÁUTICAS Y
SERVICIOS AÉREOS, S.A. (CONVIASA),
a foreign corporation,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, Lumar Aviation, Inc. ("Lumar"), sues Defendant, El Consorcio Venezolano de Industrias Aeronáuticas y Servicios Aéreos, S.A. (CONVIASA) ("CONVIASA"), for breach of contract, open account, account stated, goods sold and delivered, and quantum meruit, and states:

1. This action arises out of a relationship between a local distributor of aircraft parts and equipment and a Venezuelan airline that has failed to pay over $1.6 million for the aircraft parts it ordered and received between June 2013 and June 2015.

**JURISDICTION AND VENUE**

2. This is an action for monetary damages in excess of seventy-five thousand dollars ($75,000.00), excluding interest, costs, and attorneys' fees.

3. This Court has subject matter jurisdiction over this action because the controversy exceeds the $75,000.00 jurisdictional threshold specified in 28 U.S.C. § 1332, and involves a

Florida corporation with its principal place of business in Broward County, and a Venezuelan corporation with its principal place of business in Maiquetía, Venezuela.

4. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to Lumar's claim against CONVIASA occurred in Broward County, Florida. Moreover, venue is proper in the Southern District of Florida because CONVIASA has maintained substantial and not isolated business activities in this District, as stated in further detail below.

## PARTIES

5. Lumar is a corporation organized under the laws of the State of Florida, with its current corporate headquarters located in Broward County, Florida, and its former corporate headquarters in Miami-Dade County, Florida.

6. Lumar is engaged in distributing aircraft parts and equipment to its customers in the United States and abroad.

7. CONVIASA is a corporation organized under the laws of Venezuela, with its corporate headquarters located in Maiquetía, Venezuela.

8. CONVIASA is an airline that is owned and operated by the Venezuelan government, and is engaged in public and private domestic and international air transportation of passengers, cargo, and mail.

9. From April 2004 through present, CONVIASA had extensive business relations with Lumar.

10. CONVIASA directed its communications to Lumar in Miami-Dade and Broward Counties, Florida, including but not limited to, requesting price quotes and placing orders for aircraft parts and equipment with Lumar in Miami-Dade and Broward Counties, Florida.

11. CONVIASA purchased aircraft parts and equipment from Lumar on credit through an account established by Lumar and maintained by it in Miami-Dade and Broward Counties, Florida.

12. CONVIASA's representatives visited Lumar in Miami-Dade County, Florida, in order to place orders for aircraft parts and equipment with Lumar, and to store such parts and equipment in a warehouse located in Miami-Dade County, Florida.

13. Additionally, aircraft owned and operated by CONVIASA were serviced in Florida.

14. CONVIASA promised Lumar to make payments to Lumar in Broward County, Florida, for the aircraft parts and equipment delivered to CONVIASA, as stated in this Complaint. CONVIASA failed to make such payments, as promised, in Broward County, Florida.

15. Finally, CONVIASA remains under a continuing obligation to make payments to Lumar in Broward County, Florida, for the aircraft parts and equipment delivered to it by Lumar.

**FACTUAL BACKGROUND**

16. Lumar has had business relations with CONVIASA since April 2004.

17. CONVIASA ordered and purchased aircraft parts and equipment from Lumar, and Lumar shipped those aircraft parts and equipment to CONVIASA in Venezuela.

18. To facilitate their relationship, CONVIASA maintained a business account with Lumar in Cooper City, Florida, which account was charged for CONVIASA's purchases from Lumar.

19. Once CONVIASA placed an order with Lumar, Lumar timely shipped the aircraft parts and equipment ordered to CONVIASA in Venezuela, and provided CONVIASA with invoices for the aircraft parts and equipment delivered to CONVIASA.

20. CONVIASA accepted the aircraft parts and equipment shipped by Lumar, and, upon receipt of Lumar's invoices, paid Lumar for the aircraft parts and equipment delivered.

21. Commencing in July 2013, however, Lumar began to encounter problems collecting payments for the aircraft parts and equipment ordered by CONVIASA and delivered to it in Venezuela.

22. Yet, CONVIASA continued to order aircraft parts and equipment from Lumar, promising payment, and attributing its failure to pay to difficulties with obtaining foreign currency (U.S. dollars) in Venezuela for payment to Lumar. Lumar continued to supply CONVIASA with the aircraft parts and equipment, in good faith, in order to maintain its business relationship with CONVIASA, and because CONVIASA continued to promise that the outstanding balance on its account with Lumar would be paid.

23. Throughout the second half of 2013, and throughout 2014 and 2015, Lumar demanded CONVIASA's payment of its outstanding invoices on numerous occasions, to no avail. In March 2015, Lumar received a letter from CONVIASA, in which CONVIASA recognized its debt to Lumar accrued between January 2014 and January 2015 (in the amount of $1,362,008.60) and once again promised to pay, but failed to honor this promise.

24. CONVIASA failed to pay various invoices from Lumar, dated between June 2013 and May 2015, totaling $1,369,414.58. Copies of the invoices unpaid by CONVIASA, together with shipping slips for the aircraft parts and equipment delivered to CONVIASA, are attached hereto as composite Exhibit 1.

25. CONVIASA never objected to Lumar's invoices, and failed, upon repeated demands, to pay Lumar $1,369,414.58 due and owing on various dates spanning between July 2013 and July 2015.

26. Lumar forwarded several written demands to CONVIASA, including one dated May 26, 2015, all of which were ignored. A copy of the May 26, 2015, demand letter delivered to CONVIASA is attached hereto as Exhibit 2.

27. Lumar is entitled to recover its attorneys' fees expended in the collection of past due invoices from CONVIASA, pursuant to the express terms contained on the face of Lumar's invoices issued in connection with the shipment and delivery of the aircraft parts and equipment. *See* Exhibit 1.

28. All conditions precedent to maintaining this action have been performed, have occurred, or have been waived.

**COUNT I: BREACH OF CONTRACT**

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 into this Count I, as if fully restated herein.

30. This count is for breach of contract.

31. The parties entered into, and maintained a contract for the purchase and sale of aircraft parts and equipment.

32. Pursuant to the terms of such contract, Lumar agreed to sell, ship, and deliver certain aircraft parts and equipment to CONVIASA, and CONVIASA agreed to make payments to Lumar for such parts and equipment, as evidenced by the parties' purchase orders, invoices, and shipping documents, and as otherwise demonstrated by the parties' course of dealing over the years.

33. CONVIASA breached this contract by failing to pay Lumar for the aircraft parts and equipment Lumar delivered to CONVIASA in Venezuela.

34. As a result of CONVIASA's breach of the contract, Lumar has been damaged in the principal amount of $1,369,414.58, plus interest in the amount of $292,085.06 (accrued on past due invoices through February 2, 2016), plus court costs, and attorneys' fees.

35. Therefore, Lumar demands judgment against CONVIASA for damages, interest, court costs, attorneys' fees, and any other and further relief the Court deems just and proper.

**COUNT II: OPEN ACCOUNT**

36. Plaintiff re-alleges and incorporates paragraphs 1 through 28 into this Count II, as if fully restated herein.

37. This count is for open account.

38. CONVIASA's account with Lumar is currently past due since July 2015, in the amount of $1,369,414.58, as shown by the copies of invoices provided to CONVIASA, attached hereto as Exhibit 1, plus interest in the amount of $292,085.06 (accrued on past due invoices through February 2, 2016), court costs, and attorneys' fees.

39. CONVIASA never objected to Lumar's invoices, and failed to pay Lumar, despite repeated demands, the total of $1,661,499.64 due and owing. *See* Exhibit 1.

40. Therefore, Lumar demands judgment against CONVIASA for damages, interest, court costs, attorneys' fees, and any other and further relief the Court deems just and proper.

**COUNT III: ACCOUNT STATED**

41. Plaintiff re-alleges and incorporates paragraphs 1 through 28 into this Count III, as if fully restated herein.

42. This count is for account stated.

43. Before the filing of this action, Lumar and CONVIASA had business transactions between them, and in July 2015, they agreed to the resulting balance of CONVIASA's account with Lumar.

44. Lumar rendered the invoices of the business transitions to CONVIASA, as shown by the copies of invoices provided to CONVIASA, attached hereto as Exhibit 1, and CONVIASA did not object to Lumar's invoices.

45. CONVIASA owes Lumar $1,369,414.58, that is due with interest since July 2015, on the account, plus interest in the amount of $292,085.06 (accrued on past due invoices through February 2, 2016), court costs, and attorneys' fees. *See* Exhibit 1.

46. Therefore, Lumar demands judgment against CONVIASA for damages in the amount awed on the account, plus interest, court costs, attorneys' fees, and any other and further relief the Court deems just and proper.

**COUNT IV: GOODS SOLD AND DELIVERED**

47. Plaintiff re-alleges and incorporates paragraphs 1 through 28 into this Count IV, as if fully restated herein.

48. This count is for goods sold and delivered.

49. CONVIASA owes Lumar $1,369,414.58, that is due and owing with interest in the amount of $292,085.06 (accrued on past due invoices through February 2, 2016) since July 2015, for the aircraft parts and equipment sold and delivered by Lumar to CONVIASA between June 2013, and June 2015, as evidenced by the copies of CONVIASA's invoices attached hereto as Exhibit 1, plus court costs, and attorneys' fees.

50. Therefore, Lumar demands judgment against CONVIASA for damages in the amount owed for goods sold and delivered, plus court costs, attorneys' fees, and any other and further relief the Court deems just and proper.

**COUNT V: QUANTUM MERUIT**

51. Plaintiff re-alleges and incorporates paragraphs 1 through 28 into this Count V, as if fully restated herein.

52. This count is for quantum meruit.

53. Lumar provided CONVIASA with a benefit in the form of aircraft parts and equipment that Lumar shipped to CONVIASA in Venezuela.

54. CONVIASA requested, knowingly and voluntarily accepted, and benefitted from, the aircraft parts and equipment provided to it by Lumar.

55. CONVIASA knew that Lumar expected to be compensated for the aircraft parts and equipment provided to CONVIASA, but has not paid for the outstanding balance of $1,369,414.58, which is the market value of the materials furnished by Lumar to CONVIASA, plus interest in the amount of $292,085.06 (accrued on past due invoices through February 2, 2016).

56. As a result of the foregoing, CONVIASA has been unjustly enriched to Lumar's detriment.

57. Under the circumstances, it would be inequitable for CONVIASA to retain the aircraft parts and equipment provided to it by Lumar without paying for them.

58. Therefore, Lumar demands judgment against CONVIASA for damages, interests, court costs, and any other and further relief the Court deems just and proper.

Date: February 2, 2016.

s/ Olesia Y. Belchenko

Olesia Y. Belchenko
Florida Bar No. 0025717
OLESIA Y. BELCHENKO, P.A.
1221 Brickell Avenue, Suite 2400
Miami, Florida 33131
Telephone: 305-200-5553
E-mail: olesia@belchenkolaw.com

*Counsel for Lumar Aviation, Inc.*